# Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUEEX, LLC, and TRUEPTS, LLC | Civil Action No.  17-cv-03400 |
| Plaintiffs, | |
| -against- | **STIPULATED STANDSTILL AGREEMENT AND [PROPOSED] SCHEDULING ORDER** |
| MARKITSERV LIMITED, AND MARKITSERV, LLC. | |
| Defendants. | |

WHEREAS, on May 8, 2017, Plaintiffs trueEX, LLC and truePTS, LLC (together, "trueEX") filed a complaint in the above-captioned action against Defendants MarkitSERV Limited and MarkitSERV, LLC (together, "MarkitSERV");

WHEREAS, trueEX intends to file a motion for a preliminary injunction;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1.      Standstill Agreement.

        a.      MarkitSERV agrees to toll the effective date of the termination of the Services Agreement, as defined in paragraph 53 of the Complaint until the earlier of (i) a court's ruling on trueEX's forthcoming motion for Preliminary Injunction, or (ii) July 24, 2017 (the "Tolling Period."). During this Tolling Period, the Services Agreement shall remain in effect, and the parties shall have the same rights and obligations as if the Services Agreement had not been terminated.

        b.      Unless the Court grants a preliminary injunction enjoining the termination of the Services Agreement, the Services Agreement will be terminated effective 5 days after the end of the Tolling Period.

2.      Preliminary Injunction Hearing Schedule.

        a.      The parties shall jointly request that the Court schedule a preliminary injunction hearing on July 24, 2017.

        b.      trueEX shall move for a preliminary injunction 40 days prior to the scheduled preliminary injunction hearing.  MarkitSERV shall file its response 10 days prior to the scheduled preliminary injunction hearing.  trueEX shall file any reply 3 days prior to any preliminary injunction hearing.

- 1 -

c.      Once a hearing date is scheduled, the parties shall meet and confer to adjust the dates as necessary to avoid weekend filings.

3.      <u>Expedited Discovery.</u>

a.      Within five business days from the filing of this Stipulation, each party shall serve upon the other initial document requests.  Such requests shall be limited to 6 custodians, shall be limited to readily-accessible information that is necessary to decide trueEX's anticipated preliminary injunction motion, and shall not require production of database information.  A party may request additional custodians, and the opposing party may object to, if the party has a good-faith basis to believe that the additional custodians are likely to have in their possession, custody, or control information that is necessary to decide trueEX's anticipated preliminary injunction motion.

b.      The responding party shall have 7 days to serve objections, and shall produce readily-available information that is responsive to any non-objectionable request within 15 days of service.

c.      Parties shall produce privilege logs at least 15 days before the preliminary injunction hearing.

d.      The parties may also serve Rule 45 subpoenas, and the period by which non-parties must respond to such subpoenas shall be reduced to 7 days.

e.      All information produced by any party or non-party shall be presumptively treated as outside counsel's eyes only pending entry of a Protective Order.

f.      Each side may take up to 4 party depositions, 1 deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), and 2 depositions of third parties.  Depositions, including any 30(b)(6) depositions, shall be limited to 7 hours.  Each side may also take the

deposition of any witness who has not been deposed who has submitted a declaration or affidavit, or appears on a parties' witness list (if any) for the preliminary injunction hearing.

g.     trueEX shall submit any expert report within 36 days.  MarkitSERV shall submit any expert report within 51 days.   The parties shall meet and confer concerning expert depositions and any additional expedited discovery procedures that they may require.  All deadlines in this paragraph (g) shall run from the filing of this Stipulated Standstill Agreement and Proposed Scheduling Order.

4.     <u>Defendants' Obligation to Respond to the Complaint.</u>  MarkitSERV's response to the complaint shall be due 30 days following the Court's ruling on trueEX's Motion for Preliminary Injunction.

5.     <u>All Rights Reserved.</u>  Nothing in this Stipulated Standstill Agreement and Proposed Scheduling Order shall waive any defense a Party may have, including personal jurisdiction and venue.

DATED:  May 10, 2017            QUINN EMANUEL URQUHART &
                                    SULLIVAN LLP
                                DANIEL L. BROCKETT
                                THOMAS J. LEPRI
                                KANIKA SHAH

                                         /s/ Daniel L. Brockett
                                    _____
                                    DANIEL L. BROCKETT

                                51 Madison Avenue, 22nd Floor
                                New York, NY  10010
                                Telephone:  212/849-7000
                                212/849-7100 (fax)
                                danbrockett@quinnemanuel.com
                                thomaslepri@quinnemanuel.com
                                kanikashah@quinnemanuel.com

                                Attorneys for Plaintiffs trueEX, LLC and truePTS, LLC


DATED:  May 10, 2017            PROSKAUER ROSE  LLP
                                BRADLEY I. RUSKIN
                                COLIN KASS (*pro hac* motion forthcoming)
                                SCOTT EGGERS
                                DAVID A. MUNKITTRICK

                                          /s/ Bradley I. Ruskin
                                    _____
                                    BRADLEY I. RUSKIN

                                11 Times Square          1001 Pennsylvania Ave, N.W.
                                New York, NY 10036       Suite 600 South
                                Telephone: 212/969-      Washington, DC  20004-2533
                                3000                     Telephone:  202/416-6890
                                212/969.2900 (fax)       202/416-6899 (fax)

                                BRuskin@proskauer.com
                                CKass@proskauer.com
                                SEggers@proskauer.com
                                DMunkittrick@proskauer.com


                                Attorneys for Defendants MarkitSERV Limited and
                                MarkitSERV, LLC

- 4 -

IT IS SO ORDERED.

DATED: _____   _____

THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE