Proskauer Rose LLP   1001 Pennsylvania Avenue, NW Suite 600 South   Washington, DC 20004-2533

October 4, 2017

Colin R. Kass
T:  (202) 416-6890
F:  (202) 416-6899
ckass@proskauer.com

*Via ECF*

Hon. Lewis A. Kaplan, United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *TrueEX, LLC v. MarkitServ Limited*, 17-cv-3400 (LAK) (AJP)

Dear Judge Kaplan:

We write to oppose plaintiffs' demand for MarkitServ's "complete trade-by-trade detail without limitation," made in their letter of October 4th.[1] By their motion, plaintiffs seek data at a volume and level of detail that (1) they have conceded they do not need; (2) they admit the parties continue to meet and confer over, including as to whether it is feasible to extract the data from MarkitServ's systems in the format plaintiffs seek; (3) is irrelevant to plaintiffs' claims; and (4) would impose immense burdens on MarkitServ far out of proportion to any legitimate needs of the case.

Plaintiffs' request is a thinly veiled attempt to evade their own obligation to produce data they have already collected and agreed to provide by moving to compel an entirely different data set from MarkitServ. They have simply shifted their improper negotiation tactic of holding their data hostage to improper motion practice. Indeed, plaintiffs provide no other reason for their refusal to produce their own data – not relevance, burden, or any other basis recognized under the Federal Rules.[2] Such tactics are contrary to the law, they should not be countenanced.

### 1.  *Plaintiffs Concede They Do Not Need MarkitServ's Trade-Level Data.*

Despite their current motion, plaintiffs concede they are "not insisting on trade-by-trade detail…. TrueEX has narrowed its requests …, and agreed to forego its initial request for trade-by-trade data…." Pl. Ltr. at 3 n.4. That concession reveals the true purpose of plaintiffs' motion: retaliation to penalize MarkitServ for seeking information that plaintiffs have collected and prepared for production, yet are improperly withholding while the parties meet and confer

---

[1] While plaintiffs disguise their submission as a "Letter Response," it is in effect a cross motion to compel, to which MarkitServ is responding pursuant to Your Honor's Individual Rules of Practice.

[2] Plaintiffs argue they are "under no obligation" to produce their trading data until the parties reach an agreement on unrelated data requests. Pl. Ltr. at 3. None of the cases plaintiffs cite, however, sanction or even contemplate the position plaintiffs take: withholding production of agreed-upon information "contingent upon the production" of unrelated discovery by MarkitServ. That is "clearly improper." *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.* 181 F.R.D. 229, 235 (W.D.N.Y. 1998).

over the parameters of MarkitServ's data production. The discovery rules are not a means for extortion, but rather were designed as tools for timely access to relevant information proportional to the needs of each case.

**2.     *The Parties Continue to Confer Over MarkitServ's Trading Data.***

The meet and confer process over TrueEX's trading data is complete. TrueEX has agreed to produce its data and is ready to do so. Yet on October 1st, plaintiffs refused production for the first time. That refusal precipitated MarkitServ's motion.

In stark contrast, the parties continue to discuss the appropriate production parameters of MarkitServ's trading data outside of the TrueEX SEF.[3] Plaintiffs made their most recent proposal just last Friday evening, September 29th. Pl. Ex. E at 7. The next business day, on Monday, Oct. 2nd, MarkitServ provided plaintiffs a sample data set in the format it proposed to produce. Ex. 1. MarkitServ noted that under its proposal, it "is willing to provide most of the data you have requested, filtered in the manner that you have requested. However, certain of the information is either unavailable or impractical to provide." *Id.* at 6-7.

Each side is reviewing the others' proposal. Far from "reject[ing]" plaintiffs' proposal, MarkitServ advised plaintiffs that it was likely their proposal would not be technologically feasible given the nature of its systems and the volume of data requested, but that it would further investigate. Plaintiffs, for their part, are continuing to review MarkitServ's proposal, which we believe would provide plaintiffs more than enough information for purposes of this case. Indeed, in seeking unqualified production from the Court, plaintiffs do not mention that they are continuing the meet and confer process. *See* Ex. 2 (requesting a meet and confer just three hours after filing their cross motion). If plaintiffs truly wish to cut the meet and confer process short, they should be compelled to accept MarkitServ's offer of production, not their original, long-since-abandoned request for trade-by-trade data.

**3.     *MarkitServ's Non-TrueEX Trading Data is Irrelevant to Plaintiffs' Claims.***

Plaintiffs claim, without explanation, that they need MarkitServ's non-TrueEX trading data "to evaluate the extent to which MarkitServ is shielded from competition and to which trueEX's business would be damaged in the absence of relief." Pl. Ltr. at 3. But MarkitServ's non-TrueEX trading data has nothing to do with either issue – indeed, it by definition has nothing to do with plaintiffs whatsoever.

As to competition, MarkitServ's data includes millions of data points regarding what happened on MarkitServ's systems. This says nothing of the degree of competition for any of those trades, competition for trades that do not touch MarkitServ, barriers of entry to trade processing, or any metric relevant to competition. As to damage to TrueEX, the non-TrueEX trading data requested by plaintiffs is entirely irrelevant. All that matters as to damage to TrueEX are the trades occurring on the TrueEX SEF, and whether they would remain viable absent access to MarkitServ's drop copy service (as opposed to its standard workflow). Only TrueEX has that data set – the very data set it is holding hostage.

---

[3] MarkitServ has already produced its trading data for trades occurring on the TrueEX SEF.

4.   ***Trade-by-Trade Data Would Impose Immense Burdens on MarkitServ That Far Outweigh Any Need of the Case.***

The trade-by-trade data plaintiffs now seek would impose enormous burdens on multiple fronts. ***One***, due to contractual confidentiality obligations, production of MarkitServ's non-aggregated, non-anonymized trading data would first require it to provide notice to the more than 2,000 customers on its system. Plaintiffs argue that the protective order alleviates those concerns, but the concern is not confidentiality in itself but rather the burden, and proportionality, of imposing an obligation to notify over 2,000 separate entities for data plaintiffs concede they do not actually need. Plaintiffs have already agreed to accept anonymized and aggregated data and should be held to that agreement. ***Two***, while MarkitServ's systems were designed to store trading data, they were not designed to export trade-by-trade reports for a six-year period. Doing so would first require writing new and unique queries to extract the data in a usable format, a trial-and-error process that takes time. ***Three***, the volume of data involved is staggering – millions and millions of rows of data. Assuming an appropriate query can be crafted, extracting it would take weeks if not months of employee and processing time, as it would require piecemeal extraction.

The trade-by-trade data plaintiffs now seek is far from proportional to the needs of the case. Their delay in seeking it, and concession that they do not need it, speak volumes on that score.[4]

\*     \*     \*     \*

For these reasons, MarkitServ respectfully requests that the Court deny plaintiffs' cross-motion and allow the parties to continue their evaluation of, and investigation into, workable parameters for production of MarkitServ's non-TrueEX trading data. Plaintiffs provide no basis for their motion to compel other than their desire to continue delay of their own production. There is no reason whatsoever for TrueEX to withhold trading data that it has collected and agreed to produce.

Respectfully submitted,

/s/ *Colin Kass*

---

[4] Plaintiffs insist on misrepresenting the procedural history of the parties' respective data requests. MarkitServ served its request for trading data over three months ago and has been waiting ever since. Plaintiffs waited until August 15th to serve their request. MarkitServ's August 16th supplemental explanation was not "revised requests" or even "reformulated requests," but rather an explanation designed to cut short plaintiffs' delay based on their vagueness objection. Ex. 3. Plaintiffs dropped that objection yet continued to delay.